FLETCHER and Another *v.* PIATT.

Assumpsit will not lie on a specialty.

In case of a misjoinder of actions, there should not be a separate demurrer to each count, but one demurrer to the whole declaration.

A written promise of indemnity, whether under seal or not, is, under the statute, assignable.

ERROR to the *Fountain* Circuit Court.

DEWEY, J.— Assumpsit by *Fletcher* and *Butler* against *Piatt* and two others. In the commencement of the declaration, the plaintiffs complain of the defendants in a plea of trespass on the case upon promises. There are three counts.

The first count alleges that, on, .&c., the defendants, in consideration that one *Hand* would, at their request, become docket bail for the stay of execution on a certain judgment against one *Evans* in favour of one *Drake*, recovered before a certain justice of the peace, (particularly describing the judgment,) promised *Hand*, that they would indemnify him against all liability as such bail, and against the payment of the judgment or any part of it; and then and there executed under their hands and seals, and delivered to *Hand*, a certain "written indemnity in the words and figures following: 'We do hereby indemnify *Charles I. Hand* from any liability and from the payment of a judgment, (describing it as before,) on which judgment said *Hand* is the bail, for the stay of execution, for said *Evans*.'" The signatures and seals of the defendants follow. The count then proceeds to state that *Hand*, confiding, &c., did become bail for the stay of execution on the judgment; that the necessary steps having been taken to collect the money of *Evans* without success, *Hand* was obliged to pay it (showing the amount;) that *Hand* assigned the writing obligatory to the plaintiffs; and that the defendants failed to pay *Hand* or the plaintiffs the money so paid by *Hand*.

The second count is that the defendants, on, &c., in consideration that *Hand* at their request had become bail, &c., (describing the same judgment,) "by their certain other written undertaking, under their hands and seals, undertook and then and there promised," &c., setting out the substance of the same writing obligatory according to its legal effect, and proceeding to allege the compulsory payment of the judgment by *Hand*, the assignment of the instrument, and the breach, as in the first count.

The third count differs from the others only in setting out the promise of the defendants to have been by a simple written contract.

*Piatt*, being the only defendant on whom process was served, demurred separately to each count. The demurrers were sustained. Judgment for *Piatt*.

The demurrers to the first two counts were well taken. Those counts are in *assumpsit* on a specialty, which is not admissible. 1 Chitt. Pl. 99, 103. Whether they contain

Nov. Term, 1845.

FLETCHER
v.
PIATT.

Nov. Term, 1845.

FLETCHER
v.
PIATT.

other defects it is unnecessary to inquire. The plaintiffs in error contend, that the writing obligatory mentioned in the first count is only stated by way of inducement, and is not the promise on which that count is founded. We think otherwise. A simple contract is indeed stated, but it is shown to have been merged in the specialty. If, however, it were admitted that the sealed instrument is not the foundation of the action, it would not aid the plaintiffs in error; *that* is the only contract alleged in the first count to have been assigned by *Hand* to the plaintiffs below. They show title to no other cause of action.

The demurrer to the third count should have been overruled. That count is founded on a written contract not under seal, and assumpsit was the proper form of action.

But it is contended that the judgment must nevertheless be affirmed, because there is a misjoinder of actions, the first two counts being, as is alleged, in covenant. Had there been such misjoinder, there should not have been separate demurrers to each count, but one demurrer to the whole declaration. 1 Chitt. Pl. 205. But there is no misjoinder of actions; there is a joinder of two bad counts with one good one, all in *assumpsit*.

It is also contended that the judgment is right, because none of the instruments described in the declaration is assignable. We have carefully examined the statute, and think that a covenant, or a written promise, of indemnity—and such is the character of the instruments in question,—comes within its provisions, and is assignable. R. S. 1838, pp. 118, 119.—R. S. 1843, p. 576.

The judgment must be reversed for the error committed in sustaining the demurrer to the third count.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

R. C. *Gregory* and D. *Brier*, for the plaintiffs.

S. S. *Brier*, for the defendant.