May Term, 1861.

BOUGHER v. SCOBEY.

---

BOUGHER and Others *v.* SCOBEY and Another.

An action brought to recover notes alleged to have been placed in the hands of an attorney for collection, or the proceeds thereof and the statutory

penalty of 10 per cent., is not a proceeding for the removal or suspension of an attorney, and hence an appeal will lie to this Court from a judgment in favor of the attorney.

After a cause has been submitted by agreement, without objection to the assignment of errors, it is too late to ask a dismissal because the names of all the parties are not set out, as required by Rule 20.

Where an answer is sufficient on its face, defects in the bill of particulars filed therewith can not be reached by demurrer.

If several causes of action are improperly joined in different paragraphs of a complaint, the objection should be taken by demurrer to the whole complaint, and not to each paragraph supposed to be misjoined.

A demurrer to one of several paragraphs, for a misjoinder of causes of action in the different paragraphs, may be stricken out on motion; and perhaps an error committed in refusing to strike it out might be corrected in the Supreme Court.

Parties having claims in the hands of an attorney for collection, have a right, upon reasonable demand, to an accounting, and may maintain an action for a refusal to account.

*Thursday,
May 30.*

APPEAL from the *Decatur* Circuit Court.

WORDEN, J.—Suit by the appellants, against the appellees. The complaint contained five paragraphs: the first and third of which were dismissed by the plaintiffs, and no question arises upon them. To the fourth and fifth, a demurrer was sustained, and the plaintiffs excepted. To the remaining paragraph, the second, the defendants answered: first, by denial; second, payment; and third, set-off. Demurrer overruled to the paragraph pleading the set-off, and exception taken. Replication; trial; finding and judgment for the defendants. No question is raised in the case, except upon the pleadings; save, however, a preliminary question, arising on a motion to dismiss the appeal. The motion to dismiss the appeal is made upon two grounds: first, that it is a case in which no appeal lies to this Court; and second, that there is no sufficient assignment of errors. The action is brought to recover of attorneys certain notes, or their proceeds, alleged to have been placed in the hands of the defendants for collection. The complaint prays judgment for the amount alleged to be due, with damages; and asks for execution returnable in thirty days, without benefit of stay or appraisement laws, as provided for in § 779 of the code. Section 780, provides for proceedings to remove, or suspend an attorney, and § 781

provides, that "in proceedings to remove, or suspend an attorney, a judgment of acquittal shall be final, and without appeal."

This suit we regard as having for its object the collection of the amount claimed by the plaintiffs to be due them, with the statutory penalty of 10 per cent., to be collected by execution, in the manner prescribed; and not the removal, or suspension of the defendants as attorneys. Such suspension, or removal, is not asked for in the complaint; nor is the proceeding such as is contemplated by § 780. There is not, neither could there be, in this case, "a judgment of acquittal" from which no appeal lies, as contemplated by § 781.

The other ground of the motion to dismiss, is, that the assignment of errors does not contain the names of all the parties, as required by the 20th rule of this Court. The cause was submitted by agreement of parties, and without objection to the assignment. It is now too late to make this objection. Had the objection been made before submission, the assignment might have been amended; or had the submission been made on default of appearance by the appellees, perhaps the motion would prevail, unless leave should be granted to amend the assignment.

Having disposed of the motion to dismiss the appeal, we come to the questions arising on the pleadings.

The second paragraph of the complaint alleges, in substance, that the plaintiffs, who constitute several firms, together with *Booth* and *Preston*, (who are made defendants) had placed in the hands of *Scobey & Cumback*, (the other defendants) to be by them collected, as attorneys at law, a large amount of claims, which had been by them collected, amounting to $6,000; $4,147.85 of which had been paid by them to the plaintiffs, leaving a balance of $1,852.15 in their hands unaccounted for, and unpaid. That the plaintiffs had made a demand of them for an accounting and payment, which was refused, &c.

The set-off pleaded to this paragraph alleges, that before and at the time of the bringing of the suit, the plaintiffs were indebted to the defendants (*Scobey & Cumback*) in the sum of $8,000, for money paid to the plaintiffs; for

services of the defendants as attorneys, rendered to the plaintiffs in and about the prosecuting and defending of divers suits for the plaintiffs, at their instance and request; and for money paid, laid out and expended in and about the business of the plaintiffs, and for traveling expenses, hotel bills, postage, &c. A bill of particulars of the set-off accompanied the pleading and is copied into the record. The bill of particulars shows that some of the items claimed as a set-off were against some of the plaintiffs individually, and not against the whole of the plaintiffs, or either of the firms which have united in bringing this suit. This is the ground of the objection to the set-off pleaded. There are two sufficient answers to this objection. First, there are more items in the bill of particulars free from the objection, than sufficient to cover the amount alleged in the complaint to be due the plaintiffs; and as the evidence is not before us, we can not say that any objectionable item was proved or allowed. Second, the answer on its face seems to be entirely sufficient, and a demurrer can not be sustained to a bill of particulars. Indeed, the bill of particulars is no part of the record. The statute provides that "the account, if the items are numerous, shall not be copied in the pleadings, nor deemed to be a part of the record, unless by order of the Court." 2 R. S., § 78, p. 44. No such order was made in this case.

There was no error in overruling the demurrer to the paragraph of the answer in question, and consequently no error in the judgment in favor of the defendants, in respect to the claim set up in the second paragraph of the complaint.

The fourth paragraph of the complaint was demurred to, because, among other things, there was a misjoinder of causes of action. This may have been the ground upon which the demurrer was sustained, and if so, we have no authority to reverse the decision, although it might be erroneous. 2 R. S., § 52, p. 38. We may remark, in passing, that where there is a misjoinder of causes of action, the demurrer should be to the whole complaint, and not to each paragraph supposed to be misjoined. *Fletcher* v. *Piatt*, 7 Blackf. 522.

A demurrer to one paragraph, only goes to the validity of that paragraph when taken by itself and not when viewed in

connection with the others. Should a demurrer be filed to one paragraph only, assigning a misjoinder of causes in the different paragraphs, a motion to strike out such demurrer, or assigned cause of demurrer, ought to prevail; and perhaps an error committed in refusing to strike out, could be corrected in this Court.

The fifth paragraph alleges in substance, that in *October*, 1854, the plaintiffs, together with *Booth & Co.*, whose interest in the claims mentioned amounted to only $150, had in the hands of *Scobey & Cumback*, as their attorneys, a large amount of claims, a list of which is referred to, for collection; which claims were all solvent. That on, &c., said claims were all unaccounted for by said *Scobey & Cumback*, at which time the plaintiffs, at the office of the defendants, demanded of the defendants that they account to the plaintiffs for all their interest in said claims; and that the defendants, *Scobey & Cumback*, failed and refused, and still fail and refuse to account for the same or any part thereof.

This paragraph was demurred to, because it did not state facts sufficient to constitute a cause of action.

We see no substantial objection to the paragraph. It is objected that the paragraph does not allege that the defendants had collected any part of the money, or that they had been guilty of negligence in failing to collect. These allegations were not necessary. The defendants knew whether they had made any collections, and if so, how much they had collected. The plaintiffs had a right, for aught that we can see, to demand and have an accounting, and to know the condition of the claims, and to receive any money that might have been collected, subject to just exceptions. Again, it is urged that the amount of the plaintiffs' interest in the claims is uncertain. There is but little force in this objection. The plaintiffs' interest embraced the whole of the claims, except the $150 belonging to *Booth & Co.* We are of opinion that the Court erred in sustaining the demurrer to this paragraph; hence the judgment in this respect must be reversed. This error does not, however, affect the validity of the proceedings upon the other paragraphs, in reference to which we find no error that should cause a reversal.

*Per Curiam.*—The judgment below is reversed, with costs, so far as regards the fifth paragraph of the complaint; otherwise it is affirmed.

*B. W. Wilson*, for the appellants.

*James Gavin* and *Oscar B. Hord*, for the appellees.