Bougher et al. *v.* Scobey et al.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Oscar B. Hord* and *Cortez Ewing,* for the appellant.
*B. W. Wilson,* for the appellee.

---

BOUGHER *et al. v.* SCOBEY *et al.*

FORMER RECOVERY.—Where the same question is at issue between the parties in two successive actions, the judgment rendered for the defendant in the first is an absolute bar to a recovery by the plain-

tiff in the second; but otherwise, where the questions at issue are essentially or materially different in the different actions, or under different pleadings in the same action.

SAME.—When a material question, involved in a subsequent suit, has been, under proper issues, determined in a prior action between the same parties, and such determination does not appear by the record of the judgment it may be shown by extrinsic proof.

APPEAL from the *Decatur* Circuit Court.

DAVISON, J.— The appellants, who were the plaintiffs, brought this action against *John S. Scobey* and *William Cumback* to recover certain notes, or their proceeds, alleged to have been placed in the hands of the defendants, as attorneys at law, for collection. The complaint consists of five counts. The first, third and fourth make no point in the case. The second and fifth are substantially as follows:

2. That the plaintiffs had placed in the hands of defendants, as attorneys, claims on divers persons, amounting in the aggregate to 6,000 dollars, which had been by them collected and of which they had paid the plaintiffs 4,147 dollars and 85 cents, leaving a balance of 1,852 dollars and 15 cents in their hands unaccounted for and unpaid; and that plaintiffs had made a demand on defendants for an accounting and payment, which was refused, &c.

5. That plaintiffs, in *October*, 1854, had in the hands of the defendants, as their attorneys, a large amount of claims, a list of which is referred to, which claims were all solvent, and in all amounted to 6,000 dollars, and which were all unaccounted for, and that plaintiffs, on, &c., at the office of defendants, demanded of them that they account to the plaintiffs for all their interest in said claims, but to do so they, the defendants, then failed and refused and still do refuse, &c.

Defendants demurred to this fifth count. The Court sustained the demurrer and the plaintiffs excepted. But to the second count, they answered:

Bougher et al. *v.* Scobey et al.

1. By a denial.

2. Payment.

3. That before and at the time of the bringing of the suit, the plaintiffs were indebted to the defendants 8,000 dollars, for money paid to plaintiffs, for services of defendants, as attorneys, rendered to plaintiffs in and about the prosecuting and defending divers suits for plaintiffs, at their instance and request, and for money paid, laid out, and expended in and about the business of plaintiffs, and for taveling expenses, hotel bills, postage, &c., a bill of particulars of which is filed, &c.

Plaintiffs replied by a denial. The Court tried the issues and found for the defendants. New trial refused and judgment. And thereupon the plaintiffs appealed to the Supreme Court, which Court, in its decision, says: "We are of opinion that the Court below erred in sustaining the demurrer to the fifth count, hence the judgment in that respect must be reversed. This error, however, does not effect the validity of the proceedings on the other counts, in reference to which we find no error that would cause a reversal. The judgment below is reversed with costs, so far as it regards the fifth count of the complaint, otherwise it is affirmed."

This decision, having been certified to the Circuit Court, the defendants answered said fifth count as follows:

1. Payment.

2. Set-off.

3. That in *May*, 1859, in this Court and in this case, an issue was joined on the second count of the complaint herein, between the same parties, which issue was then and there, by agreement, submitted to the Court for trial, and the same was then and there tried by said Court, and upon said trial the Court found the issue in favor of the defendants and upon such finding at said term, rendered judgment in favor of the defendants, against the plaintiffs, a copy of which judgment

Bougher et al. *v.* Scobey et al.

is herewith filed, &c. And defendants further say that the matters and things alleged in said fifth count are the same identical matters and things alleged and set up in said second count, which said judgment is in full force, &c.

To this third paragraph of the answer the plaintiffs demurred, but their demurrer was overruled and they excepted. Issues having been made, the cause was submitted to a jury, who found for the defendants; and the Court, having refused a new trial, rendered a judgment on the verdict.

The plaintiffs, upon the trial, moved thus to instruct the jury:

"1. A former trial is only conclusive as to the facts directly put in issue, and the finding of which must have been necesto uphold the verdict.

"2. On the former trial in this case it was, under the issues, necessary for the plaintiffs to prove that their claim, or some part of it, had been collected before they could insist upon a recovery.

"3. The issues in the case now on trial do not require the plaintiffs, in order to recover, to prove collections, and when the issues are different, it devolves on the defendants to show, affirmatively, that the plaintiffs did not fail on account of that difference."

These instructions the Court refused, and thereupon instructed as follows:

"If the jury find that heretofore, in this Court, a trial was had under the issues made on the second count of the complaint, upon which trial there was a finding, and thereon judgment was rendered in favor of the defendants, which judgment is in full force and effect and not reversed, such finding and judgment, if proved, is a bar to a recovery under the issue of former recovery made on the fifth count of said complaint, and you should, if such proof is made, find for the defendants."

Bougher et al. *v.* Scobey et al.

The Court, in the instruction given, proceeds upon the assumption that the second and fifth counts of the complaint are, in substance, at least, identical. This, we think, was a mistake. The second count charges the defendants with having collected a certain amount of money upon claims placed in their hands, which they failed to pay over on demand; while the fifth is for failing, upon demand, to account for certain notes on solvent persons, which had been placed in their hands for collection. Thus, it will at once be seen, that the difference between the two counts is essential. Indeed, the Supreme Court, on a former hearing of this cause, so regarded these counts; otherwise, the judgment, as to the fifth count, would not have been reversed. *Bougher* v. *Scobey*, 16 Ind. 151. The rule is, "when the same question is at issue between the parties in two successive actions, the judgment rendered for the defendant in the first, is an absolute bar to a recovery by the plaintiff in the second." *Miller* v. *Maurice*, 6 Hill, 114; *Birkhead* v. *Brown*, 5 Sandf. 134. But here the material question, under the second count, was, whether the claims had been collected; while no such question could legitimately arise upon a trial under the fifth count. Nor was it incumbent on the plaintiffs, under the former, as it was under the latter, to prove the solvency of the claims. The two counts being thus essentially different, it was, in our opinion, error to instruct the jury that the judgment on the first was a bar to a recovery on the fifth. It is true, when a material question, involved in a subsequent suit, has been, under proper issues, determined in a prior action between the same parties, and such determination "does not appear by the record of the judgment, it may be shown by extrinsic proof." *Birkhead* v. *Brown*, *supra*; *The Washington*, &c., *Co.* v *Sickles*, 24 How. (U. S.) 333; *Hargus* v. *Goodman*, 12 Ind. 629, and cases there cited. But the instruction before us does not embrace that proposition; nor would it, if it did so, be legally

correct, because each count presents a distinctive cause of action, and hence the issues in each could not be legitimately the same.

*B. W. Wilson*, for the appellants.

*John S. Scobey* and *William Cumback*, for themselves.