## BOUGHER and Others v. SCOBEY and Another.

ATTORNEY—LIABILITY OF.—An attorney can only be held liable for the value of notes placed in his hands for collection, upon an averment of negligence in the collection of the notes, whereby the owners thereof have been placed in a condition rendering it more difficult to secure their money. Such relief is never granted upon a simple failure to account on demand. Page 586.

SAME.—Notes placed in the hands of an attorney for collection can not be recovered under a paragraph which avers no demand of the notes. Page 587.

PROMISSORY NOTES—POSSESSION OF.—The plaintiff is not entitled to the possession of notes where an interest in them is held by two other persons, and plaintiff does not show their consent to such possession, nor offer to indemnify them. Page 587.

APPEAL from the *Decatur* Circuit Court.

RAY, CH. J.—This case has twice before been considered by this court upon appeal, and the questions now presented require us to examine the former rulings herein.

The opinion of the court, upon the first consideration of the case, is contained in the 16th volume of the State Reports, page 151. The two paragraphs of the complaint, upon which the questions of law arise, are set out in substance in that opinion, and are as follows:

" The second paragraph of the complaint alleges in substance that the plaintiffs, who constitute several firms, together with *Booth* and *Preston*, who are made defendants, had placed in the hands of *Scobey & Cumback*, (the other defendants,) to be by them collected, as attorneys at law, a large amount of claims which had been by them collected, amounting to $6,000; $4,147.85 of which had been paid by them to the plaintiffs, leaving a balance of $1,852.15 in their hands unaccounted for and unpaid. That the plaintiffs had made a demand of them for an accounting and payment, which was refused," etc.

There can be no serious question as to the relief the plaintiffs were entitled to receive under the averments of this paragraph. That relief was what they demanded; an

accounting and payment of any balance collected, and not theretofore paid over to the plaintiffs.

We copy also from the opinion the fifth paragraph of the complaint, and the comments of the court upon it:

" The fifth paragraph alleges, in substance, that in *October*, 1854, the plaintiffs, together with *Booth & Co.*, whose interest in the claims mentioned amounted to only $150, had in the hands of *Scobey & Cumback*, as their attorneys, a large amount of claims, a list of which is referred to, (the same list as under second paragraph,) for collection, which claims were all solvent; that on, etc., said claims were all unaccounted for by said *Scobey & Cumback*, at which time the plaintiffs, at the office of the defendants, demanded of the defendants that they account to the plaintiffs for all their interest in said claims, and that the defendants, *Scobey & Cumback*, failed and refused, and still fail and refuse, to account for any part thereof." Only one list of claims was filed under both the second and fifth paragraphs. An issue, was formed on the second paragraph, and trial had thereon, and finding and judgment for the defendants. A demurrer was filed to the fifth paragraph, and sustained, and this ruling was assigned in this court as error. The opinion proceeds: " We see no substantial objection to the paragraph. It is objected that the paragraph does not allege that the plaintiffs had collected any part of the money, or that they had been guilty of negligence in failing to collect. These allegations were not necessary. The defendants knew whether they had made any collections, and if so, how much they had collected. The plaintiff had a right, for aught we can see, to demand and have an accounting, and to know the condition of the claims, and to receive any money that might have been collected, subject to just exceptions. Again, it is urged that the amount of the plaintiffs' interest in the claims is uncertain. There is but little force in this objection. The plaintiffs' interest embraced the whole of the claims, except the $150 belonging to *Booth & Co.* We are of opinion that the court erred

in sustaining the demurrer to this paragraph; hence the judgment in this respect must be reversed. This error does not, however, affect the validity of the proceedings upon the other paragraphs, in reference to which we find no error that should cause a reversal. *Per Curiam.*—The judgment below is reversed with costs, so far as regards the fifth paragraph of the complaint; otherwise it is affirmed."

When the case came on for trial in the Circuit Court upon the fifth paragraph, the former recovery under the second paragraph was pleaded in bar, and the court, unable to discover any relief claimed in the fifth paragraph which had not already been administered by the court under the second paragraph, instructed the jury as follows: "If the jury find that heretofore, in this court, a trial was had under the issues made in the second count of the complaint, upon which trial there was a finding, and thereupon judgment was rendered in favor of the defendants, which judgment is in full force and effect, and not reversed, such finding and judgment is a bar to a recovery, under the issue of former recovery made on the fifth count of said complaint, and you should, if such proof is made, find for the defendants." The jury, under this instruction, returned a verdict for the defendants. The case was again transferred by appeal to the Supreme Court, and the following remarks occur in the opinion of the court (21 Ind. 369) upon the instruction given: "The instruction given proceeds upon the assumption that the second and fifth counts of the complaint are in substance at least identical. This, we think, was a mistake. The second count charges the defendants with having collected a certain amount of money upon claims placed in their hands, which they failed to pay over on demand; while the fifth is for failing, upon demand, to account for certain notes on solvent persons which had been placed in their hands for collection. Thus it will at once be seen that the difference between the two counts is essential."

The court below had been informed, in the former opinion, that, under the fifth paragraph, " the plaintiffs had a right, for aught we can see, to demand and have an accounting, and to know the condition of the claims, and to receive any money that might have been collected, subject to just exceptions." Thus it will at once be seen that there is an essential difference between the fifth paragraph, as expounded in the 16th volume of the Reports, and the same paragraph as again interpreted in the 21st volume. The essential difference between the second and fifth paragraph of the complaint, however, does not still seem to have been understood in its full extent by the circuit judge; for upon the case coming once more before him for the formation of issues, the defendants again plead, in bar of the cause of action contained in the fifth paragraph, the former recovery under the issues formed under the second paragraph, and that the claims referred to in each paragraph are identical; and the court overrules a demurrer filed to said plea, and upon the trial of the issue instructs the jury accordingly. After the repeated rulings of this court thereon, we would gladly avoid a consideration of the question. But this we can not do. If error has been committed, in our opinion, we must correct it, and prevent, so far as we may, its results, or adopt it, and thereby make it our own. We have already indicated the construction we place upon the second paragraph. That construction is in substance identical with the construction placed upon the fifth paragraph by this court, in the opinion cited from 16 Ind. 151. But in the opinion rendered when the case was again before the court, (21 Ind. 369,) it is attempted to state an essential difference between the paragraphs. It is said that the "fifth paragraph is for failing, upon demand, to account for certain notes on solvent persons, which had been placed in their hands for collection." How " account?" Is it sought to hold the attorneys liable for the value of the notes? This can only be done upon an averment of negli-

Bougher and Others *v.* Scobey and Another.

gence in the collection of the notes, whereby the plaintiffs have been placed in a position rendering it more difficult to secure their money. *Wilson* v. *Coffin*, 2 Cush. 316; *Varnum* v. *Martin*, 15 Pick. 440; *Dearborn* v. *Dearborn*, 15 Mass. 315; *Pickets* v. *Pearsons*, 17 Vt. 470; *Suydam & Co.* v. *Vance*, 2 McLean, 99. There is no such averment in the paragraph, and such relief is never granted upon a simple failure to account on demand. Nor can it be insisted that the paragraph would entitle the plaintiffs, if sustained by proof on the trial, to recover the notes themselves; for no demand is alleged for the notes; nor could such relief be granted, for the plaintiffs are not entitled to the possession of the notes, as an interest in them is held by the two co-defendants, and the plaintiffs have neither averred their consent to such possession, nor offered to indemnify them. The averment in the paragraph, that the claims were on solvent persons, can not be material; for until the defendants can be charged with the claims, their value is of no consequence.

We are decided in the opinion that the full extent of construction in favor of a recovery was given to this paragraph in the opinion, cited from 16 Ind. 151: "The plaintiffs had a right to demand and have an accounting, and to know the condition of the claims, and to receive any money that might have been collected, subject to just exceptions." To all this they were entitled under the second paragraph; and all this, from the finding of the jury in this case, they have doubtless received.

The ruling of the court upon the demurrer and the instruction given to the jury was correct. The view here taken disposes of all other questions in the record, and the judgment below is affirmed, with costs.

*B. W. Wilson*, for appellants.

*John S. Scobey*, for appellees.