## GREEN v. CHIPMAN.

CONTRACT.— *Construction of.—Pleading.*—It was agreed between A., B., and C., that A. would furnish B. with all the stamps he could sell, and pay him a commission of one per cent. upon the amount of his sales, and receive back all unsold stamps at their value, "at the expiration of the deputyship" of B.; that B. would receive said stamps, and sell them for such commission, and pay A. the amount of sales once a month, less one per cent. retained as commission, and deliver to A., at the termination of said deputyship, either cash or stamps for the full amount of stamps so received, less one per cent. as aforesaid, and that C. signed the contract as surety for B. Suit by A. against C., upon this agreement, the complaint alleging, that A. delivered to B. a certain amount of stamps to be sold by B.; that in his lifetime B. did not faithfully perform the conditions of said contract, but, on the contrary, paid and accounted to A. for a certain smaller amount, in-

cluding said commission, leaving a certain balance due A.; that B. died; that since his death A. had demanded said balance of C., prior to the commencent of this action; and that C. had wholly failed to pay said balance or any part of it.

*Held*, that the complaint was bad on demurrer.

APPEAL from the Tipton Common Pleas.

GREGORY, J.—Suit by Chipman against John Green, on the following agreement: "It is agreed between DeWitt C. Chipman, of the first part, and John Quincy Green and John Green, of the second part, that said Chipman will furnish said John Quincy Green with all the stamps which he can sell, and pay him a commission of one per cent. upon the amount of his sales, and also receive back all unsold stamps, at their value, at the expiration of said son's deputyship; and said John Quincy Green agrees to receive said stamps and sell them for a commission of one per cent. upon all sales, and pay said Chipman the amount of sales once a month, less one per cent., retained by said Green as commission, and also to deliver to said Chipman, at the termination of his deputyship, either cash or stamps, for the full amount of stamps he has received, less one per cent. aforesaid; and the said John Green signed this contract as security for the performance of said John Quincy Green. November 8th, 1863. (Signed) DeWitt C. Chipman, J. Quincy Green, John Green."

The breach of this contract averred in the complaint is, that Chipman delivered to John Quincy Green eighteen hundred and twenty-four dollars and eight cents in value of stamps, to be sold by said Green; that in his lifetime said John Q. Green did not faithfully perform the conditions of said contract, but, on the contrary, he only paid and accounted to said plaintiff for the sum of fourteen hundred and twenty-six dollars and ninety-six cents, including his said commission, leaving a balance due the plaintiff in the sum of three hundred and ninety-seven dollars and twelve cents; that John Quincy Green departed this life; that since the death of the said John Q. Green, the plaintiff

demanded said sum of three hundred and ninety-seven dollars and twelve cents of the defendant, long prior to the commencement of this suit; and that the defendant has wholly failed and refused to pay said sum or any part thereof.

A demurrer was overruled to this complaint, and that is the first alleged error complained of.

Under the contract, John Q. Green was bound to pay over to the plaintiff the amount of sales once a month, less the commission, and at the expiration of the agency to return the unsold stamps and pay for those sold, less one per cent. It is not averred that Green did not pay once a month for the stamps sold during the continuance of the agency. The *death* of John Q. Green terminated the agency, and left the liability to return the unsold stamps, and pay for those sold, upon a proper demand on his legal representative. The complaint does not show that the stamps were sold; therefore, a demand on the defendant to pay money, and a refusal by him to do so, is no breach of the agreement sued on.

The court erred in overruling the demurrer. There are other questions made on the rulings of the court below during the progress of the trial; but as the complaint was bad, these questions do not arise here.

Judgment reversed, with costs. Cause remanded, with directions to sustain the demurrer, and for further proceedings.

*D. Moss* and *D. Waugh,* for appellant.

*T. J. Kane, D. C. Chipman,* and *N. Overman,* for appellee.