### PIERSE ET AL. *v.* THORNTON.

ATTORNEY.—*Demand.*—*Arrest of Judgment.*—A suit cannot be maintained against an attorney or collecting agent, for money collected and not paid over, without an averment in the complaint, and proof on the trial, of a demand of payment or settlement. An allegation that the defendant has failed and refused to pay over is not sufficient; in such a case, where the complaint fails to show a demand before suit brought, a motion in arrest of judgment should be sustained.

From the Madison Circuit Court.

*H. Craven, W. R. Pierse,* and *H. D. Thompson,* for appellants.

*J. A. Harrison,* for appellee.

PETTIT, J.—This suit was brought by the appellee against the appellants.

It was to recover money which the appellants, Pierse and Thompson, had collected as attorneys at law for the appellee, and had failed to pay over to her.

The complaint was in two paragraphs. The first charges specially that the appellee put a note for collection into the hands of the appellants, that they brought suit on it, obtained judgment for the proper amount, collected the money, but did not pay all of it over to her, and that they had refused and neglected to do so.

The second paragraph is a common count for money had and received. Neither of the paragraphs has any averment that there was any request or demand for the money, settlement, or for an account. The evidence in the record shows that the case was wholly tried under the first paragraph of the complaint.

There is nothing in the record going to support the idea that the attorneys did, or intended to do, a wilful wrong, but if any was done, it was done by a misunderstanding between the parties. The appellants retained two hundred dollars of a collection they had made for Mrs. Thornton, the appellee, as their fees in two cases, which, as shown by the evidence, were attended with much trouble and professional labor. In her

evidence, the appellee admits that this is the sum that they were to have and retain, but she claims that for the two hundred dollars they were to prosecute another or third suit. The appellants deny this and say that they were to retain the two hundred dollars for the services already rendered. But we need not discuss the evidence. Proper issues were formed, trial by jury, and verdict for plaintiff below, appellee here. Motion for a new trial was overruled, and exception. A motion in arrest of judgment was made, because the complaint is insufficient, not showing a demand. This motion was also overruled, exception taken, and this ruling is assigned for error, and the insufficiency of the complaint is insisted upon for a reversal of the judgment.

We hold, and the law is well settled, that a suit cannot be maintained against an attorney or collecting agent, for money collected, and not paid over, without an averment in the complaint, and proof on the trial, of a demand of payment or settlement; and an allegation "that the defendant, has failed or refused to pay over" is not sufficient. The complaint shows no demand or request, nor any excuse or reason for not making a demand.

Where this confidential and fiduciary relation exists, the law will not allow the attorney to be sued, without a demand first made by the principal. *Armstrong* v. *Smith*, 3 Blackf. 251 ; *Judah* v. *Dyott*, 3 Blackf. 324 ; *Black* v. *Hersch*, 18 Ind. 342 ; *Bougher* v. *Scobey*, 23 Ind. 583 ; *Walpole's Adm'r* v. *Bishop*, 31 Ind. 156 ; *Green* v. *Chipman*, 32 Ind. 195.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the motion in arrest of judgment. See *Raber* v. *Jones*, 40 Ind. 436.