Claypool *et al. v.* Gish.

Filed Dec. 10, 1886.

---

No. 12,492.

## CLAYPOOL ET AL. *v.* GISH.

APPEAL.—*By Party to Action Against Decedent's Estate.*—Where one is made a party to an action against an estate, founded on a claim for which he is not jointly bound with the decedent by contract, he is not required to appeal under the statute regulating appeals in matters connected with decedents' estates, but may appeal under the code of civil procedure.

PRINCIPAL AND AGENT.—*Attorney and Client. — Pleading. — Complaint. — Demand.—Decedent's Estate.*—A complaint against an agent or attorney, to recover money alleged to be in his hands, which fails to aver a demand by the principal, and a refusal by the agent or attorney, prior

to the bringing of the action, is bad, even where the latter is joined as a defendant in a claim against a decedent's estate.

From the Fountain Circuit Court.

*T. F. Davidson,* for appellants.

*L. Nebeker* and *H. H. Dochterman,* for appellee.

MITCHELL, J.—It appears from the record of this cause that, on the 10th day of September, 1884, a claim theretofore filed by the appellee in the clerk's office, was transferred to the issue docket of the Fountain Circuit Court.

The claim was in the form following:

" Estate of Joseph Ristine and George McWilliams, deceased, Solomon Claypool, William A. Ketcham and John McManomy. To Abraham Gish, Dr.

" March 1st, 1883.   To claims in favor of John McManomy, and assigned to Abraham Gish, against the Indianapolis, Bloomington and Western Railway Company, collected by said Ristine and McWilliams, through Solomon Claypool and William A. Ketcham, composing the firm of Claypool & Ketcham.   *   *   *   Amount due A. Gish, $164.09."

The claimant, in an affidavit attached to the claim stated as above, deposes and " says that the above claim in favor of Abraham Gish, against the estate of Joseph Ristine and George McWilliams, is correct," etc.

Subsequently, Claypool & Ketcham appeared specially, and moved the court to dismiss, as to them, on the ground that, on the face of the claim, as it is stated on the record, no cause appeared for making them parties to the action or proceeding. This motion was overruled.

On the 15th day of December, 1884, the claimant filed a second paragraph of complaint. The facts therein stated are, in substance, that, on a given date, McManomy held certain claims against the Indianapolis, Bloomington and Western Railway Company, which were placed in the hands of Ristine & McWilliams for collection. Ristine & McWilliams sent the claims to Claypool & Ketcham, attorneys residing

in the city of Indianapolis, for collection. Afterwards Ristine & McWilliams died, and the claims were assigned to Gish. The complaint avers that Claypool & Ketcham collected $479.50 on the claims, and that after deducting their attorney's fees, there remained in their hands the sum of $446.75, of which sum they paid over to Gish, $295.84, leaving due and unpaid the sum of $164.09.

In this paragraph, as in the claim originally filed, the estates of Ristine & WcWilliams are joined as defendants, with Claypool & Ketcham. There was a joint judgment against all, by default.

Claypool & Ketcham prosecute this appeal and assign, among other alleged errors, that the complaint does not state facts sufficient to constitute a cause of action against them.

The appellee has filed a motion to dismiss the appeal, on the ground that it has not been taken and perfected according to the provisions of sections 2454 to 2457, R. S. 1881, inclusive, as amended by the act of April 11th, 1885, Acts 1885, p. 194.

The proceedings, as presented by the record, are anomalous. To the estates of two deceased partners, which are treated as one separate entity, like an existing partnership, the appellants are joined as defendants, and because they are so joined, it is contended an appeal can not be prosecuted by them except under and in pursuance of the provisions of the statute regulating appeals in matters growing out of, or connected with, a decedent's estate.

Section 2324, R. S. 1881, as amended by section 11 of the act of March 7th, 1883 (Acts 1883, p. 156), provides, in substance, that when any claim against a decedent's estate " is transferred for trial, * ,* * if it shall be shown to the court that any person is bound with the decedent in any contract which is the foundation of the claim, the court shall direct that the claim be amended by making such person a defendant in the action, and process shall be issued against and served upon him, and thereafter such action shall be prosecuted

Claypool *et al. v.* Gish.

against him as a co-defendant with such executor or adminis-
trator, and judgment shall be rendered accordingly."

We need not decide whether, in case it had been shown to
the court that the appellants were bound in any contract with
either or both of the estates against which the claim was filed,
the law regulating appeals in matters connected with the set-
tlement of decedents' estates, would, or would not, have con-
trolled. It is enough to say, the record discloses that the
estates mentioned, and the appellants, if liable at all, are not
jointly bound in any contract, either express or implied,
which constitutes the foundation of such liability. Before a
party can be summoned to answer to a claim filed against
the estate of a deceased person, it must be made to appear
that the person so summoned, and the person against whose
estate the claim is pending, were jointly liable by a contract
which furnishes the basis of the pending claim.

Upon the face of the claim as it appears in the record now
before us, it is apparent that if the estates of the deceased
members of the firm of Ristine & McWilliams are liable to
the claimant, such liability depends entirely upon the implied
obligation which arose between Ristine & McWilliams when
they received the claim from McManomy for collection. With
that obligation Claypool & Ketcham have no connection or
privity whatever. If they are liable, their liability does not
grow out of any contract in which they were jointly bound
with Ristine & McWilliams.

The right of a party to appeal under the code of civil pro-
cedure can not be cut off or abridged by joining him as de-
fendant, in an action against an estate, such action being
founded on a claim for the payment of which the appellant is
not jointly bound with the decedent by contract. The mo-
tion to dismiss the appeal must therefore be overruled. The
assignment of error already referred to must also be sustained.

If either paragraph of the complaint states a cause of ac-
tion against any one, it is certainly not against the appellants.
The facts stated in the claim as originally filed fail to raise

even an inference that the money sued for was ever received by the appellants. Nor do the facts there recited show that, if any money was received by them, they have not accounted for, and paid it over to the persons entitled to receive it from them. Indeed, the inference to be drawn from the whole statement, including the affidavit of the claimant, is, that whatever is due him is a claim against " the estate of Joseph Ristine and George McWilliams."

The second paragraph falls far short of stating facts which would entitle the plaintiff below to maintain the action. It does not charge that any part of the money remains in the hands of the appellants. Nor is it averred that there was any demand upon them for an accounting, or a refusal on their part to pay.

The law is well settled that a suit can not be maintained against an agent or attorney, to recover money alleged to be in his hands, until after a demand of payment by the principal, and a refusal to pay on the part of the agent or attorney. *Pierse* v. *Thornton,* 44 Ind. 235, and cases cited ; *Heddens* v. *Younglove,* 46 Ind. 212 ; *Terrell* v. *Butterfield,* 92 Ind. 1.

The cases hold that this averment is so essential, that a motion in arrest will be sustained on account of its absence from the complaint. *Pierse* v. *Thornton, supra ; Eberhart* v. *Reister,* 96 Ind. 478.

It is claimed that the averment of a demand, and a refusal to pay, is not necessary, because the appellants were joined as defendants in a claim against an estate. Even if the appellants had been properly joined, we think it would have been necessary, that a sufficient statement of a cause of action against them should have been made. That fact could not have avoided the necessity of a sufficient complaint. But as we have already seen, they were not properly joined with the estates of " Ristine & McWilliams," if, indeed, there was any claim filed in the first instance, which gave the court jurisdiction over any person or estate. We know of no statute or

practice which justifies the filing of a claim against the estates of deceased partners, by the method pursued in this case.

The judgment is reversed, with costs.

Filed Dec. 11, 1886.