## Spencer et al. *v.* Smith.

[No. 6,604.  Filed February 18, 1909.  Rehearing denied April 30, 1909.  Transfer denied December 10, 1909.]

1. Attorney and Client.—*Collections.*—*Liability.*—An attorney is liable to his client upon demand for money collected for such client.  p. 19.

2. Attorney and Client.—*Collections.*—*Notice.*—It is the duty of an attorney, within a reasonable time after collecting money for a client, to notify such client of such fact.  p. 19.

3. Attorney and Client.—*Collections.*—*Recovery of Fees.*—*Instructions.*—In an action by a client against her attorneys, for

the recovery of money collected by them for her, an instruction that the jury should ascertain the amount collected and deduct therefrom a reasonable sum for attorneys' fees, and return a verdict for the remainder with interest, properly protects the interests of the attorneys.   p. 20.

4.  APPEAL.—*Affirmance with Damages.*—The Appellate Court, in its discretion, may affirm a judgment with damages.   p. 20.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Carrie B. Smith against William W. Spencer and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Warwick H. Ripley, George W. Brill* and *George C. Harvey,* for appellant.

*William Watson Woollen, Evans Woollen* and *Russell T. Byers,* for appellee.

ROBY, J.—This action was brought by appellee, and the complaint is as follows: "Carrie B. Smith, plaintiff, complains of William W. Spencer and Edwin W. Spencer, defendants, and says that the defendants are, and for many years past have been, practicing attorneys at law in Marion county, Indiana; that prior to June 1, 1904, the plaintiff placed in the hands of the defendants for collection a claim against the estate of John B. Casey, deceased; that June 3, 1904, the defendants collected on said claim the sum of $47.48; that April 15, 1905, they collected an additional sum of $2,165.32; that said defendants concealed the fact that they collected said sums of money until June, 1906, notwithstanding the fact that she repeatedly made inquiries of them whether they had made such collections; that on June 10, 1906, they admitted to her that they had made such collections and appropriated the money to their own use, and they then and there furnished her with a statement which is in the words and figures following:

'William W. Spencer.          Edwin W. Spencer.
New Telephone 1505.
SPENCER & SPENCER,
Attorneys at Law.

Rooms 214-216 Unity Bldg., 147 E. Market St.,
Indianapolis, Ind.

July 10, 1906.

This is to certify that we collected for Carrie B. Smith the following amounts:

| | |
|---|---|
| June 3, 1904 | $    47.48 |
| April 15, 1905 | 2,165.32 |
| Total | $2,212.80 |
| September 15, interest to date | 179.40 |
| | $2,392.20 |

Spencer & Spencer,
By Wm. W. Spencer.'

"She further says that she frequently demanded payment of the defendants of the balance shown by said statement, but they have neglected to make payment and that the same remains unpaid. Wherefore the plaintiff demands judgment against the defendants for $2,500 and all other proper relief."

Various answers were filed, and the issue made was tried by a jury and a verdict returned and judgment rendered for $1,974.33.

Fifty-four points for reversal are stated. Not one of them is well taken. An attorney is liable on demand

1. to pay over money received by him. *Black* v. *Hersch* (1862), 18 Ind. 342; *Pierse* v. *Thornton* (1873), 44 Ind. 235; *Claypool* v. *Gish* (1886), 108 Ind. 424; Weeks, Attorneys at Law (2d ed.), §308.

It is the duty of an attorney who has collected money for his client to give the latter notice of such fact

2. within a reasonable time. Weeks, Attorneys at Law (2d ed.), §§308, 309.

The evidence has not been brought to this court. The following instruction was given: "If you find for the plaintiff as against either or both of the defendants, it will

3. be necessary for you to fix the amount of the recovery, and in so doing you should deduct from the amount collected by said defendant, or defendants, whatever sum you find under the evidence the defendant or defendants are entitled to as attorneys' fees in said matter, and any other attorney's fee owing from the plaintiff to said defendant, or defendants, and any expenses incurred by said defendant, or defendants, if any there was, and make your verdict for the balance of said sum, after such deductions, with interest thereon at six per cent from the date of collections or conversion, until the present time."

4. It is evident that the appellants had a fair trial, and the judgment is therefore affirmed with ten per cent damages.