ZEIGLER ET AL. *v.* COUNTY BOARD OF FINANCE OF FOUNTAIN COUNTY ET AL.

[No. 14,471. Filed February 5, 1932. Rehearing denied December 28, 1933. Transfer denied November 3, 1933.]

*Robert H. McKinney, Green & Palmer, Henry I. Green, George E. Martin* and *Oris Barth,* for appellant.

*Lindley P. Little, William N. White, Livengood & Livengood, Smith, Remster, Hornbrook & Smith, Charles M. McCabe* and *Chase Harding,* for appellees.

LOCKYEAR, J.—On motion to dismiss, the appellees move the court to dismiss the appeal of the appellant, William Zeigler, in this consolidated cause and in each of the constituent causes of such consolidated cause on the ground that this court has not acquired jurisdiction of any of said appeals and in support of said motion respectfully show the following: That the causes originated in the Fountain Circuit Court by the filing in said court of a claim against the estate of Daniel C. Reed, at such time pending, upon a depository bond alleged to have been executed by the Farmers and Merchants State Bank of Attica, Indiana, as principal, and said deceased, Daniel C. Reed, Charles W. Zeigler, J. Shannon Nave, William Zeigler, William B. Reed, Bernard S. Orr and

William H. Young, as sureties, to secure the repayment by said bank of deposits of public funds made by said claimant in said bank; that said claim was disallowed and same was transferred to the issue docket of said court for trial and thereafter the co-sureties of said decedent were made parties to said cause, excepting said William H. Young, who had heretofore deceased.

That another of said causes was begun by filing a claim by the School City Board of Finance of the School City of Attica against the estate of William H. Young then pending in said court for administration, based upon the bond last above mentioned and said claim was thereafter disallowed and transferred to the issue docket of said court for trial, the said co-sureties of said decedent, except said Reed, were thereafter likewise made parties to said cause.

There were also like claims filed against said estate of said decedent for the same purpose by the City Board of Finance of the City of Attica and by the County Board of Finance of Fountain County, Indiana, by the Board of Finance of Davis Township, Fountain County, Indiana, and by the Shawnee Township Board of Finance of Shawnee Township, Fountain County, Indiana, against the same sureties and as in the manner above set out on separate depository bonds purporting to be signed by all of said parties. The claims against the sureties were allowed and judgment rendered against the several defendant sureties; the total amount rendered against this appellant, William Zeigler, was $57,294.49 from which judgments he has appealed to this court under the law governing appeals in civil cases, having prosecuted the same as a vacation appeal.

The appellees' motion to dismiss is based upon sections 3310 and 3311, Burns 1926 (§§3277, 3278, Baldwin's 1934), which statutes read as follows:

Sec. 3310. "By whom and how taken, Bond. Any person considering himself aggrieved by any decision

of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate may prosecute an appeal to the Supreme Court, upon filing with the clerk of said circuit court a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, for the payment of the judgment which may be affirmed, and all costs if costs be adjudged against the appellant."

Sec. 3311. Bond and transcript, when filed. "Such appeal bond shall be filed within (30) days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted on the filing of such bond within one hundred and eighty (180) days after such decision. But any person who is aggrieved, desiring such appeal, may take the same in his own name without joining any other person. The transcript shall be filed in the Supreme Court within ninety (90) days after filing the appeal bond: Provided, That this act shall not affect appeals from judgments heretofore rendered, and the same shall be heard and determined the same as though this act was not in force."

The appellant relies upon the law as laid down in the case of *Claypool et al.* v. *Gish* (1886), 108 Ind. 424, 9 N. E. 382, which holds, "Where one is made a party to an action against an estate, founded on a claim for which he is not jointly bound with the decedent by contract, he is not required to appeal under the statute regulating appeals in matters connected with decedents' estates, but may appeal under the code of civil procedure."

The appellees cite in support of their motion the case of *Vail* v. *Page* (1910), 175 Ind. 126, 93 N. E. 705,

which was a suit upon an appeal bond and the sureties thereon were made parties to a proceeding in a claim against decedent's estate in the same manner as was done in this case and the court, speaking through Morris, J., on page 129, says, "Does the judgment appealed from grow out of 'any matter connected with a decedent's estate'? If so, this appeal should be dismissed. Since the decision in the case of *Seward* v. *Clark* (1879), 67 Ind. 289, overruling the case of *Hamlyn* v. *Nesbith* (1871), 37 Ind. 284, it has been held in an unbroken line of decisions that if the decision grows out of any matter connected with a decedent's estate, it is necessary to comply with the provisions of Sec. 2978, *supra,* (being the same as Burns 1926, Sec. 3311, *supra*), or provisions of like character in earlier statutes, and that this remedy is exclusive. *Bell* v. *Mousset* (1880), 71 Ind. 347, . . . it is sufficient to say that by the failure to file the transcript within the statutory period of one hundred days, this court never acquired jurisdiction of the appeal, and, in such case, it would be the duty of the court, on its own motion, to order a dismissal." Citing cases.

The appellant contends that while one decree was rendered in this case, no joint judgment was entered against either of the estates involved herein and that because the judgments were rendered separately from the amount ordered to be paid out of the estates, the rule laid down in the case of *Vail* v. *Page, supra,* does not apply. This fact does not in any way take the matter from the operation of the sections of Burns 1926, 3310 and 3311, *supra,* for the reason that in the event the appellant should prevail in his appeal, and the judgment reversed with instructions to grant a new trial, that new trial would be in probate in *a matter connected with the decedent's estate.*

In the event there should be a finding and judgment

for this appellant in the new trial, the amount the estate would have to pay would be materially increased thereby. Therefore, there is no escape from the proposition that this is an appeal from a matter connected with a decedent's estate and the appeal from the judgment must be taken in the manner prescribed under sections 3310 and 3311, Burns 1926.

For the above reasons the motions of the appellees are each sustained and the appeal is dismissed.