## JUDAH, Administrator, *v.* DYOTT.

An action does not lie against an agent or factor for not accounting, until after a demand to account.

The statute of limitations in such action does not begin to run until a demand has been made.

*Quære*, whether in actions against agents or factors for not accounting, the contract should not be specially declared on?

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—*Indebitatus assumpsit* by *Dyott* against *Judah*, administrator of *Brandon*. Two counts: one for goods sold and delivered to the intestate; the other, for money had and received by the intestate to the plaintiff's use. There was a third count, stating a promise by the administrator to pay the debt; but to that count a *nolle prosequi* was afterwards entered. Two pleas; the general issue, and the statute of limitations. Issue on the first plea. Replication to the second plea and issue. Verdict for the plaintiff below. Motion for a new trial overruled; and judgment on the verdict.

The proof was, that *Brandon* had a certain quantity of medicines in his possession belonging to *Dyott*, which the former had received from the latter to be sold on a commission of 25 *per*

*cent.;* and that *Brandon* sold the principal part of the medicines, if not the whole, before his death.

This evidence was not sufficient to maintain the action. *Brandon* was merely the agent of *Dyott* for the sale of the medicines, and was not liable to his principal for the proceeds of the sale, without a special demand previously made; nor is his administrator liable, without a previous demand on himself or his intestate. When goods are received to be sold on commission, the law implies a contract, if no other be expressed, that the agent shall not be liable for any amount received for the sale, until a demand of payment has been made. It is true, positive evidence of the demand is not always required. The circumstances proved may sometimes be such, as will authorise a jury to presume a demand. But in the case before us, there was no kind of evidence that a demand, either on the intestate or on his administrator, had been made before the commencement of the suit; nor were there any circumstances proved, from which any such demand could be presumed. The action, therefore, was not sustained by the evidence. *Topham* v. *Braddick*, 1 Taunton, 572.—*Armstrong* v. *Smith*, *May* term, 1833 (1).

The statute of limitations was pleaded in this cause; but the record presents us with no question relative to that plea, which it is necessary to decide. It may not be improper, however, to observe, that as the cause of action does not accrue, in cases like the present, until a demand, the statute of limitations cannot be said to commence running until after the demand. *Topham* v. *Braddick*, 1 Taunton, 572.

Whether, in these cases against a commission-merchant, the contract should not be specially declared on, or whether the evidence rendering him liable may be introduced under a general count, is a question which we are not called on now to decide. We conceive that, let the point as to pleading be what it may, the question as to evidence is very clear. The plaintiff, having failed to prove a demand of the money sued for, was not entitled to the verdict he obtained; and the new trial applied for by the defendant, ought to have been granted.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*C. Fletcher*, for the plaintiff.

*S. Merrill* and *J. H. Scott*, for the defendant.

(1) Ante, p. 251.