Nov. Term,
1859.

HANNUM
v.
CURTIS.

---

## Hannum *v.* Curtis, Administratrix.

The statement of a claim against a decedent's estate need not be a regular complaint under the ordinary rules of pleading; but is sufficient if it shows the nature and amount of the demand, and enough to bar another action therefor.

If a party is sued for money placed in his hands for a special purpose, he must show to what extent he has complied with his undertaking to apply it to such purpose; for payments made in pursuance thereof are peculiarly

within his own knowledge; and the same rule applies to his personal representative after his death.

Where a party pleads a fact affirmatively, the *onus* of proving it rests upon him.

Where a receipt, introduced in evidence, does not appear to be related to the matters involved in the suit, it is error to refuse to charge the jury that such receipt "is no evidence of a settlement of any account, other than the items therein stated."

If money be placed in the hands of an agent who dies, the principal cannot maintain an action therefor against his administrator, without first demanding "an accounting;" nor does the placing of a claim for such money on the appearance docket operate in lieu of such demand.

APPEAL from the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—This was an action founded upon a claim on file in the Court of Common Pleas, against the estate of *John Curtis,* deceased.

*Hannum* was the plaintiff below.

The claim is for various items of carriage work, amounting to 33 dollars; also for 350 dollars, money placed in the decedent's hands to pay taxes. As evidence of the receipt of the money, two instruments in writing were filed with the claim. They read thus:

" *Springfield, June* 21, 1844. Received of *Leonard Hannum* fifty dollars, to apply on amount paid for taxes, and to be paid in the states of *Indiana* and *Illinois,* and which I am to forward full statement of amount soon as I can get the receipt for taxes of 1844. *John Curtis."*

" Received of *Leonard Hannum* 300 dollars, which I am to pay taxes on his land in *Illinois,* and the balance to be applied on amount due me. *Albany, December* 5, 1849.
*" John Curtis."*

Appended to the claim, there is an affidavit, alleging that payments, from time to time, had been made on the claim; that a balance was due to the plaintiff, but the decedent having rendered no account, he was unable to state how much was due.

To this claim, so far as it relates to the receipts and several amounts therein set forth, the defendant demurred, on the ground that it did not show that the decedent had

Nov. Term,
1859.

HANNUM
v.
CURTIS.

failed to comply with his undertakings as stated in the receipts, or to what extent he had failed.

The Court sustained the demurrer; and the plaintiff then amended his affidavit, setting up that *Curtis*, the decedent, was his agent for the payment of taxes in *Indiana* and *Illinois;* that when the moneys specified in the receipts were placed in the hands of *Curtis*, he represented that he had advanced money in the payment of plaintiff's taxes, and that he needed the money so placed in his hands to be applied on the sum by him advanced, and also on future taxes; that *Curtis* promised to furnish the receipts taken by him for money paid on taxes; but he has never rendered any account whatever of such payments, &c.

A demurrer to the claim, as supported by the amended affidavit, was also sustained. And the plaintiff filed an additional amendment to the same affidavit, whereby it is alleged that, having made diligent inquiry, by letter, relative to payments made by *Curtis* on account of taxes in the state of *Illinois*, he could find no payments made by him entered on the tax duplicates; that he has been compelled to redeem his lands—they having been, through the negligence of *Curtis*, sold for taxes; and that, during the' time he acted as plaintiff's agent, he has not, so far as plaintiff can ascertain, paid more than 74 dollars; that he, plaintiff, believes that, in addition to his account for carriage work, there is due to him 276 dollars, with interest from the date of said receipt; and that since he has been compelled to redeem his lands sold for taxes, he does not believe that his agent is entitled to commission, &c.

Upon the filing of this additional amendment, the defendant again demurred, and the Court sustained his demurrer. And thereupon the plaintiff further amended by alleging that he believed that the estate of *John Curtis* was indebted to him in the sum of 276 dollars, with interest from the 5th of *December*, 1849, the date of the last receipt, and also in the sum stated in his account for carriage work; and that he knew of no claim in favor of that

Nov. Term,
1859.

HANNUM
v.
CURTIS.

estate, and against him, except the 74 dollars, as above stated, &c.

To the claim thus supported by the affidavit as amended, the defendant answered—

1. By a general denial.

2. That the decedent, in his lifetime, paid over and accounted for all the moneys specified in said receipts.

Reply in denial of the second paragraph of the answer.

The issues were submitted to a jury, who found for the plaintiff 22 dollars, 50 cents. And, over a motion for a new trial, there was judgment, &c.

The plaintiff appeals to this Court.

The errors assigned, so far as they are noticed in the appellant's brief, relate to the action of the Common Pleas in sustaining the demurrers, in refusing instructions moved by the plaintiff, and in giving instructions asked for by the defendant.

As we have seen, the ground of demurrer is, that the claim does not show that the decedent had not failed to comply with his undertakings, &c., or to what extent he had failed.

The statute relative to the settlement of decedents' estates, provides that a succinct statement of the nature and amount of every claim against the estate of any decedent must be filed in the office of the clerk of the Court of Common Pleas; that such clerk shall enter upon the appearance docket of that Court a list of all such claims; and that whenever any claim against such estate shall have been so placed on the appearance docket of said Court ten days before the first day of the next ensuing term thereof, the administrator shall admit, or refuse to admit, the claim, &c.; and if the same is not admitted before the last day of that term, it shall be transferred to the issue docket of said Court, and shall stand for trial at the next term thereof, as other civil actions, &c. It is further provided, that unless such claim shall have the affidavit of the claimant thereto attached, to the effect that the same is justly due and wholly unpaid, no cost shall be recovered by said claimant in any suit for the recovery of such claim,

Nov. Term, 1859.

HANNUM
v.
CURTIS.

&c. 2 R. S. p. 260, § 62.—Acts of 1855, pp. 81, 82, §§ 1, 2, and 5.

Thus it will be seen that the claimant, unless he files an affidavit in the mode prescribed by the statute, cannot recover his costs of suit. Still, however, without such affidavit, the claim as filed may constitute a cause of action. The statute to which we have referred, does not require a regular complaint under the ordinary rules of pleading, but merely a succinct statement of the claim, which, it seems to us, will be sufficient when it apprises the defendant of the nature of the claim, of the amount demanded, and shows enough to bar another action for the same demand. These have been ruled to be the requirements of what the law denominates a concise statement of a cause of action in justices' Courts, and we perceive no reason why they may not be effective as the proper elements of the statement of a claim against a decedent's estate. R. S. 1843, p. 870, § 39.—4 Blackf. 12.— 5 id. 40.—11 Ind. R. 203.

But it is insisted that the claim, in this case, fails to show how much was due, or what sum the plaintiff demanded. This position is not well taken. The several amounts of the account for carriage work, and of the money placed in the decedent's hands, are distinctly stated; and it was the duty of his administratrix, while the statement remained on the appearance docket, to admit or refuse to admit the claim. It is true, the claim, as stated, does not show that the money so placed in the hands of the decedent had not been used as stipulated in the receipts. Nor was such a showing essential to its validity. Having agreed to use the money received by him in the payment of taxes, it was incumbent on the defense to show to what extent he had complied with his agreement; because payments in discharge of it, if any were made, were facts peculiarly within his knowledge, and must, therefore, be held to be presumptively within that of the defendant as his administratrix. We are of opinion that the statement of the claim, in the case before us, unaided by the affidavits, constituted a sufficient cause of action.

Consequently the demurrers should have been overruled. Nov. Term, 1 Phil. Ev. (4 Am. ed.) 823.

At the proper time, the plaintiff moved the Court to instruct as follows:

"The receipt for 50 dollars, given on the 21st of *June*, 1844, is presumed to be paid by the one given *December* 5, 1849; but it is incumbent on the defendant to show the application of the money, and to the amount in which she has failed to show such application, she is liable in her representative capacity," &c.

This instruction was refused, and the plaintiff excepted. Mr. *Greenleaf* says: "The obligation of proving any fact lies upon the party who asserts the affirmative of the issue." 1 Greenl. Ev., § 74. This, as a general rule, is obviously correct. In the case at bar, the plaintiff produced the receipts, showing the money in the decedent's hands to be paid over to the use of the plaintiff. It seems to follow that, in view of the rule just cited, the proof of its application to the purpose agreed on by the parties, rested on the defendant. But the defendant, in her answer, alleges affirmatively that the decedent, in his lifetime, paid over and accounted for all the money specified in the receipts; and having thus assumed the affirmative of the issue, she was evidently bound to prove the facts alleged in her pleading. The instruction was applicable to the case, and should have been given.

During the trial, the defendant gave in evidence a writing in these words:

"*John Curtis* to *Leonard Hannum*, Dr.: To two grain carts, 30 dollars—60 dollars. Received payment,

"*L. Hannum*,
"*Lafayette, September*, 1853. per *Daniel Hannum.*"

In reference to this evidence, the plaintiff moved the following instruction, which the Court refused, viz.:

"The receipt given by *Leonard Hannum*, the plaintiff, by *Daniel Hannum*, to *John Curtis*, the decedent, is no evidence of a settlement of any account other than the items therein stated."

It does not appear that the receipt related to the deal-

ings between the parties involved in this suit, and for that reason the instruction should have been given. As it stands unconnected with the several matters in issue in the cause, it could furnish no presumption of a general settlement of the accounts in contestation before the jury. The instruction, in our opinion, gave a proper exposition of the evidence to which it refers, and its refusal was, therefore, erroneous.

The Court, at the instance of the defendant, charged that "the money having been placed in the hands of the decedent, as the plaintiff's agent, no action would lie for its recovery, until a demand made for an accounting." The rule indicated by this instruction, has been fully recognized by this Court.

In *Judah* v. *Dyott*, 3 Blackf. 324, "The proof was, that *Brandon* had had a certain quantity of medicines in his possession belonging to *Dyott*, which the former had received from the latter to be sold on commission, and that *Brandon* sold the principal part of the medicines, if not the whole, before his death." The Court say: "This evidence was not sufficient to maintain the action. *Brandon* was merely the agent of *Dyott* for the sale of the medicines, and was not liable to his principal for the proceeds of the sale without a special demand previously made; nor is his administrator liable without a previous demand on himself or his intestate." See, also, *Armstrong* v. *Smith*, 3 Blackf. 251; *Philips* v. *Wills*, 2 Ind. R. 325.

It is, however, insisted, that these decisions do not apply to the case at bar; that the claim in question, having been placed on the appearance docket, operated in lieu of a demand to account. We think differently. The claim, as it stood on that docket, contained no such demand, but simply informed the administratrix of a cause of action against her, on account of a debt due the claimant from the estate of her intestate.

The case of *Judah* v. *Dyott*, *supra*, is, in our opinion, decisive of the question under consideration, and the result is, the Court, in giving the instruction, committed no error.

For the sustaining of the demurrers, and the refusals to instruct, as moved by the plaintiff, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. LaRue* and —— *Royse*, for the appellant.

*R. C. Gregory*, *H. W. Chase*, and *J. A. Wilstach*, for the appellee.