IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1880, IN THE SIXTY-
FIFTH YEAR OF THE STATE.

———————

WRIGHT, ADM'R, *v.* JORDAN, ADM'R.

No. 9073.

DECEDENTS' ESTATES.—*Insolvency.—Claim. — Contract.—Demand.—Volun-
tary Payment.—Demurrer. —Defect of Parties.*—In a claim filed by the
administrator of A., against the estate of B., it was alleged that B., during
life, held a claim against the estate of A., due to B. and C., which B.
induced the administrator of A. to pay to him with the understanding
and in consideration that B. would, in case of the insolvency of the estate
of A., refund all in excess of the distributive share to which B. would be
entitled on account of such claim ; and that the estate of A. was insol-
vent ; prayer for an allowance against the estate of B. for such excess.
*Held,* that, at the time B. received payment of such claim, he was acting
both for himself and C., and that the administrator of A. might at his
option proceed either against C. or the estate of B. separately or
against both jointly.
*Held,* also, that the complaint was good on demurrer thereto for want of
sufficient facts, and that such demurrer could not raise any question as to
a defect of parties.

*Held,* also, that the facts alleged in the complaint did not show a case of voluntary payment, but an express contract.

*Held,* also, that the filing of such claim constituted a sufficient demand against the administrator of B.

From the Harrison Circuit Court.

*W. T. Jones,* for appellant.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

NIBLACK, C. J.—This was a proceeding upon a claim against an estate.

The complaint was in two paragraphs. A demurrer was sustained to both paragraphs, and final judgment was rendered for the defendant, upon demurrer.

The only question discussed here is that of the sufficiency of the second paragraph of the complaint, which may be substantially stated as follows:

The plaintiff and claimant, Samuel J. Wright, administrator with the will annexed of the estate of Pleasant D. Bean, deceased, further complaining of David Jordan, administrator of the estate of William Farquar, deceased, says, that heretofore, to wit, on the 5th day of February, 1875, and previously thereto, the said William Farquar, then in full life, held a claim in the name of, and which was originally due to him, said Farquar, and one William H. H. Hudson, under the firm name of Farquar & Hudson, against the estate of the said Pleasant D. Bean, deceased, amounting to two hundred and seventy-nine dollars and twenty-seven cents, which claim the said Farquar induced the plaintiff to pay to him, the said Farquar, on said 5th day of February, 1875, with the express understanding, and in consideration of the promise of the said Farquar made at the time, that he, said Farquar, would, in case of the insolvency of the estate of the said Pleasant D. Bean, pay and refund to the plaintiff any and all amounts in excess of the distributive share to which he, said Farquar, would be entitled on account of said claim

Wright, Adm'r, v. Jordan, Adm'r.

of Farquar & Hudson, should said estate prove to be insolvent and be required to be settled as an insolvent estate. And the plaintiff further says, that, since said payment, it has been ascertained that the estate of the said Bean was insolvent, and has been so declared by the proper court, and that said estate will pay only seventy cents on each one dollar of the general debts due from and held against said estate. Wherefore there is due to the plaintiff, as administrator, as above stated, from the estate of the said Farquar, the sum of eighty-three dollars and ninety-eight cents, which remains wholly unpaid, and for which a judgment of allowance against said estate is demanded.

It is insisted that the paragraph of the complaint above set out was properly held to be insufficient:

First. Because it showed, upon its face, that Hudson ought to have been made a co-defendant in the action, and that, hence, there was a defect of parties defendants;

Second. Because the facts alleged showed the payment to Farquar to have been a merely voluntary payment, out of which no claim could arise for a return of any of the money;

Third. Because no demand for a repayment of any of the money claimed to be due was averred.

In the first place, we think the fair inference from the allegations of the paragraph is that the claim against the estate of Bean belonged to Farquar at the time it was paid. In the next place, if Farquar, at the time he received payment of the claim, was acting both for himself and Hudson, then the plaintiff had the option of proceeding either against the estate of Farquar or against Hudson separately, or against both jointly. *Stanford* v. *Stanford*, 42 Ind. 485; *Myers* v. *The State, ex rel. McCray*, 47 Ind. 293; *Braxton* v. *The State, ex rel. Albert*, 25 Ind. 82; *Noble* v. *McGinnis*, 55 Ind. 528.

In the third place, the demurrer to the paragraph was only for want of sufficient facts, and hence did not raise any question as to any supposed defect of parties defendants. Buskirk Practice, 167-168; *Shane* v. *Lowry*, 48 Ind. 205.

The question as to what constitutes a voluntary payment appears to us not to arise upon this second paragraph. The payment to Farquar is averred to have been made upon an express promise by him to refund, in case a refunding should become necessary, and that promise seems to have been founded on a good consideration. This case is therefore made to rest upon an express contract to refund, and not upon some obligation to do so, supposed to arise by implication of law, and we know of no reason why such a contract may not be enforced by appropriate legal proceedings.

We waive any discussion as to whether a special demand would have been necessary before bringing suit in this case against Farquar, were he still alive. It is sufficient for the purposes of this case to say, that, in our opinion, a demand against his administrator would have been a useless ceremony. All claims against an estate, whether contingent or absolute, have to be filed against it in the proper court, and the filing of such a claim as the one before us constitutes a sufficient demand against the administrator.

The statement of a claim filed against a decedent's estate is much less formal than a complaint in an ordinary action. *Noble* v. *McGinnis, supra.*

Nothing has been shown against the substantial sufficiency of the second paragraph of the complaint.

The judgment is reversed, with costs, and the cause is remanded, for further proceedings.