No. 7366.

## PEACOCKE *v.* LEFFLER.

DECEDENTS' ESTATES.—*Final Settlement.*—*Collateral Attack.*—The final settlement of a guardian or administrator can be set aside or opened up only by a direct proceeding for that purpose. It can not be attacked by a suit on the bond or by a suit against the guardian or administrator personally or in any other collateral manner.

SAME.—*Legatee.*—*Action for Money Advanced to Executor to Make Settlement.*—*Fraud.*— *Complaint.*—Where, in an action by the sole legatee of an estate against the executor thereof, after his final settlement, to recover money advanced to such executor, to enable him to make a speedy settlement of the estate, the complaint avers that the executor charged himself with the sum so obtained, and applied it in the settlement of the estate, the additional averment therein that he procured such money from the legatee by false representations, is insufficient to show actionable fraud on the part of such executor.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan* and *S. Peacocke,* for appellant.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

WOODS, J.—The appellant, the plaintiff below, has assigned error upon the overruling of her motion for a new trial. The causes alleged in support of the motion were, that the verdict is contrary to law and not supported by sufficient evidence, and error of the court in admitting and excluding evidence, and in instructing the jury.

The complaint is in three paragraphs, and is needlessly

prolix. The first paragraph, covering twenty-one pages of the transcript, contains substantially the following alleged facts: That Samuel H. Keene died testate, devising his whole estate to the plaintiff, and naming the defendant as the executor of his will. The defendant qualified as executor, March 31st, 1864, and made final settlement of his trust and was discharged therefrom by order of the court, April 27th, 1866. That, at the request of the defendant, and on his representation that it was necessary, in order to make an early settlement of said estate, she advanced to the executor of her own separate means, not derived from said estate, the sum of $464.56, which the defendant charged against himself on his supplementary inventory and applied to the uses of said estate; but she charges, that his representation that the money was necessary was false, that other moneys of said estate came to his hands enough to pay all proper liabilities, which moneys he did not charge himself with, but converted the same to his own use or applied them to the payment of improper and unlawful claims. That, after he had made final settlement and had been discharged from said trust, the defendant represented that the assets in his hands and moneys received of her had not been sufficient, and that he had been compelled to use, and had used, of his own means, in discharge of the liabilities of said estate, large sums, to wit: at one time $272, and at another time $270. That, believing his representations, she repaid him said sums, to wit: $270 on the first day of November, 1876, and on the 22d day of February, 1869, $272.12. That said representations were false.

The second paragraph charges that, while executor of said estate, the defendant procured the plaintiff to allow him the sum of $150, for moneys he claimed to have loaned to said Keene in his lifetime; that, on the 18th day of November, 1865, the defendant made his promissory note to the plaintiff for $265.40, payable one year from date, and, after said

note was due, by falsely representing that said sum of $150 was due him and had never been paid, procured her to give him credit therefor on said note ; that, in truth, said sum was not owing or due him, but he had collected the same from said estate, and had concealed the knowledge of the fact from the plaintiff ; that, after said note was due, the defendant falsely represented that she was indebted to him in the further sum of $64.83, and, relying on his said representation, and having no knowledge of the facts on which the claim was based, she allowed him a credit for said sum on said note. That, on the 22d day of February, 1869, the defendant made of her a further demand for moneys expended by him in making said settlement of April 27th, 1866, and falsely represented that he had expended his own moneys in making said settlement, to the amount of $272, which had not been repaid him ; and relying on said representation as true, and in ignorance of all the facts concerning said Keene's estate, she consented that the remainder due on said note, viz., $60, should be set off against said sum of $272 claimed by the defendant and said note surrendered, which was accordingly done ; that no part of said note has been paid, and said credits, to wit, $150, $64.83 and $60, were procured by the fraud and imposition of the defendant, as already set forth.

The third paragraph is a common count for money had and received, to wit : April 24, 1866, $464.56 ; April 25, 1866, $170.09 ; April 27, 1866, $150.00 ; November 1, 1866, $270.00 ; November 18, 1866, $265 40 ; February 22, 1869, $272.12.

The final settlement of a guardian or administrator can be set aside or opened up only by a direct proceeding for that purpose. It can not be attacked by a suit on the bond of the guardian or administrator, or by a suit against such guardian or administrator personally, or in any other col-

lateral manner. *Barnes* v. *Bartlett*, 47 Ind. 98 ; *Holland* v. *The State*, *ex rel.*, 48 Ind. 391.

The complaint in this case is therefore bad, in so far as the plaintiff seeks to charge the defendant with any misconduct as executor of said estate ; as, for failure to account, or for misapplication of the money or property which came into his hands, or for any other breach of duty. The averment that, by false representation, he procured the plaintiff to advance the sum of $464.56, to enable him to make a speedy settlement of the estate, shows no actionable fraud for this reason, namely : The complaint shows that the defendant charged himself with the sum so obtained on his supplemental inventory, and applied the same to the uses of said estate, which was equivalent to an application for the use of the plaintiff, she being the sole legatee and owning the whole estate. No actionable wrong was accomplished in reference to that money ; and for any misappropriation of other moneys of the estate, the settlement and discharge are a bar to any suit. If, therefore, the plaintiff is entitled to any relief on her complaint, it must be by reason of what occurred after said settlement.

The first paragraph charges that by means of a false representation, that he had been compelled to use his own means in making the settlement, the defendant procured of the plaintiff, after the settlement had been made, large sums of money in repayment of the sums expended by the defendant ; and the second paragraph charges that by a like false representation he obtained said credits on said note, and a surrender of the note itself.

On examination of the record which purports to contain all the evidence adduced on the trial, we find no evidence that the defendant obtained any money of the plaintiff except such as she paid him as executor, to enable him to make said settlement. There could, therefore, have been no recovery either on the first paragraph or on the third.

There was evidence that credits were made on the note at or near the times and for the amounts charged, but no evidence to warrant a conclusion that they were obtained by the false representations charged, nor to show that such representations were made. The final report of the defendant as executor, on which the court declared his trust settled, showed a balance of $272.00 in the defendant's favor, and it was, as already shown, in partial repayment of this sum that the plaintiff made the final credit of $60.00 on her note against the defendant, but this balance, shown and declared in his favor in the record of the final settlement of his trust, did not constitute, or tend to show, any of the representations charged against the defendant, and it does not appear by any testimony that the credits on said note, or any of them, were obtained by means of such representations, or that the defendant made the representations charged to have been made after said settlement, for the purpose of obtaining such credits.

The evidence which was admitted over plaintiff's objection, and that offered by him which the court excluded, could have had no bearing upon this part of the case, but only in the direction of the effort to charge the defendant for misuse or conversion of moneys which he held as executor, and while exercising his office as such. But the settlement barred inquiry in that direction. The same may be said of the instructions complained of. Whether, therefore, the court erred in any of the particulars charged, it is immaterial to inquire.

In the language of the 580th section of the code, it "appear[s] to the court that the merits of the cause have been fairly tried and determined in the court below," and the judgment should not be reversed for any cause which has been brought to our attention.

Judgment affirmed, with costs.

ON PETITION FOR A REHEARING.

WOODS, J.—The appellant claims that "An executor or administrator has the right to proceed and complete the settlement of a decedent's estate with the moneys of the decedent. He is charged with the duty to administer the assets of the decedent, pay debts out of such assets, and to pay over to the distributees the balance;" and that, according to *Rodman* v. *Rodman*, 54 Ind. 444, "When property or money, which does not belong to the estate of a decedent, may come into the possession of a party who happens to be the administrator of such estate, such party can not, by charging himself, as such administrator, with such property or money, make such property or money a part of the assets of his decedent's estate, nor can he, by so doing, render the estate of his decedent, or himself as administrator, liable for such property or money to the lawful owner thereof." And upon this authority and others cited, which are claimed to tend in the same direction, counsel insist that the record of the final settlement was no bar to the plaintiff's action to recover the money which she advanced to the defendant from her private purse to enable him to make that settlement. We do not dispute the authorities cited, and there is nothing inconsistent therewith in the principal opinion. We held, and still hold, that the complaint shows no cause of action to recover the money so advanced, or damages on account thereof, because the complaint shows that the defendant appropriated said moneys for the plaintiff's sole use, and that the only cause of action really set forth is for the assets of the estate which the defendant had misappropriated, or not accounted for, and against such claim the final settlement is a clear bar.

The petition is overruled, with costs.