Trimble *et al.* *v.* Pollock; Administrator.

No. 8497.

TRIMBLE ET AL. *v.* POLLOCK, ADMINISTRATOR.

PRACTICE.—*Demurrer to Evidence.*—A demurrer to evidence admits all
facts of which there is any evidence, and all conclusions and inferences
which can fairly and logically be drawn from such facts.

DECEDENTS' ESTATES.—*Rents and Profits.*—*Heirs or Personal Representatives.* — The rents and profits of an intestate's real estate, which
accrue after his death, will go to his heirs at law and not to his administrator; and if, in such case, the administrator receives such
rents and profits, he will be personally liable, and will be bound to account for the amount so received to the heirs at law, even though he
may have used such amount in the payment of the debts of his decedent.

SAME.—*Claims.*—*Pleading and Evidence.*—*Demand.*—In a claim against a
decedent's estate, for moneys received by such decedent, in his lifetime, as the agent of or in trust for the claimant, it is not necessary
that the latter should aver in his claim, or prove upon the trial, that,
before he filed such claim, he had demanded the moneys so received
either from such decedent or from his administrator.    In such case,
the filing of the claim in the proper court is a sufficient demand upon
the decedent's administrator.    *Hannum* v. *Curtis*, 13 Ind. 206, on this
point overruled.

From the Warren Circuit Court.

Trimble *et al. v.* Pollock, Administrator.

*J. McCabe, W. H. Mallory* and *F. M. Dice*, for appellants.

*J. E. Schoonover* and *M. Milford*, for appellee.

HOWK, J.—In October, 1877, the appellants, Elizabeth Trimble, Emma B. and Minnie M. Stafford, as the widow and heirs at law of Lewis B. Stafford, deceased, commenced this suit against the estate of William N. Stafford, deceased, in the Fountain Circuit Court. After the cause was put at issue, the appellee, Pollock, was appointed administrator *de bonis non* of the estate of said William N. Stafford, deceased, and was substituted as defendant in the room and stead of the former administrators of said decedent's estate. For the convenience of witnesses, the venue of the action was then changed to the Warren Circuit Court. The cause was there tried by a jury, and a verdict was returned for the appellants, the plaintiffs below ; but, on the appellee's motion therefor, a new trial was granted.

Afterwards, the cause having been again submitted to a jury for trial, and the appellants having introduced their evidence and rested, the appellee demurred to appellants' evidence, and the appellants having joined in said demurrer, the jury were discharged from the further consideration of the cause. Thereafter, the court sustained said demurrer, and to this ruling the appellants excepted, and judgment was then rendered against them for the appellee's costs.

In this court the appellants have assigned as errors the following decisions of the circuit court :

1st. In sustaining appellee's motion for a new trial ; and,

2d. In sustaining appellee's demurrer to the appellants' evidence.

In his brief of this cause, the appellants' learned counsel say : "The only question we shall discuss arises under the second assignment of error, namely, the sustaining of the demurrer to appellants' evidence." This we regard as equiv-

alent to an express waiver by the appellants of the first alleged error.

As necessary to a proper understanding of the questions presented by the second alleged error, we will give in this connection a summarized statement of the appellants' evidence, as the same appears in the demurrer thereto.

The appellants first gave in evidence the deposition of Robert Leaverton, who testified that he knew Elizabeth Trimble and Lucinda Stafford, but did not know the other parties to this suit; that, in 1872 and 1873, he lived in Warren county, Indiana; that he knew Lewis Stafford in his lifetime, and, also, William N. Stafford; that, in 1872, he lived and worked on Lewis Stafford's farm; that Lewis Stafford died a short time after he moved on his place, he thought in February, 1872; that he made a contract for the rent of that place with and paid to William N. Stafford as the rent thereof, the sum of $337.13, in January and February, 1873; that he contracted to pay as rent for the farm for 1872 the sum of $390, and gave his notes therefor, with William Ribble as security, one payable January 1st and the other payable March 1st, 1873; that he expended $52.87, the balance of the rent not paid in money to William Stafford, in improvements on Lewis Stafford's farm, on which he lived; and that he had burned the said notes which he had paid and taken up.

William Ribble testified as follows: "I know William N. Stafford; I know plaintiff' Mrs. Trimble, who is the widow of Lewis Stafford, deceased, and the plaintiffs Emma and Minnie Stafford are his, Lewis Stafford's, children; In 1868 I moved on the land of Lewis, and lived there six years; I think Lewis died in February, 1872; I paid $260 per year rent; paid one year's rent to William Stafford; paid in two instalments, first in January, 1873, and second in March, 1873; this was for the year 1872, from March, 1872, to March, 1873; I paid the second $130 to William Stafford,

in Mrs. Trimble's house, and William Stafford handed the money to her, Mrs. Trimble, after a little while, when she came into the room; I do not know whether this payment was upon a note I had given to her or to him; I was only on the place two years after Lewis' death; I only remember of paying William Stafford twice, and once was when he handed the $130 to Mrs. Trimble, as I have stated."

Charles Linburg testified: "I occupied Lewis Stafford's land for a number of years, cash rent; I paid rent for the land, $275, to William Stafford, in his house; I have a receipt for the rent I paid to William Stafford."

"And it was admitted that William N. Stafford is dead, and that Davis Pollock is administrator, etc., and that William N. Stafford is the administrator of the estate of Lewis Stafford."

This was all the evidence contained in the appellee's demurrer thereto, and the question thereby presented for decision may be thus stated: Conceding all the facts, of which there was any evidence, to be true, and admitting all conclusions which can fairly and logically be deduced from those facts, were they sufficient to sustain the appellants' cause of action and to entitle them to any relief? This is the legal effect of a demurrer to evidence; it admits all facts of which there is any evidence, and all conclusions which can fairly and logically be drawn from such facts. *Lindley* v. *Kelley*, 42 Ind. 294; *Strough* v. *Gear*, 48 Ind. 100; *Newhouse* v. *Clark*, 60 Ind. 172; *Fouch* v. *Wilson*, 60 Ind. 64; *Baker* v. *Baker*, 69 Ind. 399; *The Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261. In other words, it seems to us that, in passing upon and deciding a demurrer to the evidence, the court should consider not only the evidence which is embodied in the demurrer, but, also, all such fair and reasonable inferences as the triers of the facts might have lawfully drawn from such evidence.

With this view of the evidence and the law applicable thereto, there can be no doubt, we think, that the appellants were the only heirs at law of Lewis Stafford, deceased; that, as such heirs, they were lawfully entitled to the rents of said decedent's farm for the year from March 1st, 1872, to March 1st, 1873; and that these rents for that year were paid to and received by the said William N. Stafford, in his lifetime, as the agent of the appellants. Of the rents so received by said William N. Stafford, the evidence showed that he had paid the sum of $130 to Mrs. Trimble, on the day of its receipt; but there was no proof that he had ever paid over or accounted for the residue of such rents or any part thereof. But it was admitted that said William N. Stafford in his lifetime was the administrator of the estate of said Lewis Stafford, deceased; and, therefore, it is claimed that it must be presumed that the rents in controversy were received and accounted for by said William N. Stafford as such administrator. This position, we think, can not be maintained. The rents of Lewis Stafford's farm, accruing after his death, did not form any part of his estate, and did not go to his administrator, but they went by law and belonged to his heirs at law. William N. Stafford could not, as administrator of Lewis Stafford's estate, charge himself as such administrator with the amount of such rents, nor subject said estate to any liability whatever therefor; nor could he have escaped his liability to account for such rents to the decedent's heirs at law, even if it had been shown that he had used such rents in the payment of the debts of his decedent's estate. He could only receive such rents, under the law, either as the agent of, or in trust for, the heirs at law of Lewis Stafford, deceased, and in any event he was bound to account to such heirs therefor. These points are settled by the decisions of this court. *Rodman* v. *Rodman*, 54 Ind. 444; *Hankins* v. *Kimball*, 57 Ind. 42; *Hendrix* v. *Hendrix*, 65 Ind. 329; *McDowell* v. *Hendrix*,

67 Ind. 513; *Peacocke* v. *Leffler*, 74 Ind. 327; *Evans* v. *Hardy*, 76 Ind. 527.

It is claimed by the appellee's counsel that the appellants' evidence was fatally defective and insufficient on the demurrer thereto, in this, that it failed to show any demand made upon said William N. Stafford, in his lifetime or upon his administrators since his death, before the bringing of this suit, for the moneys received by him for the rents of said real estate. The appellants' counsel admit that no proof was made of any such demand, but insist that in such a case as this a demand before suit brought was not required by law, and proof of such demand was wholly unnecessary. It may be conceded, perhaps, though we need not and do not so decide, that if the appellants had brought suit against said William N. Stafford, in his lifetime, for the rents now in controversy, such action could not have been successfully maintained without proof of a demand made before suit brought. Such a conclusion would seem to be sustained by numerous decisions of this court. *Catterlin* v. *Somerville*, 22 Ind. 482; *Bougher* v. *Scobey*, 23 Ind. 583; *Pierse* v. *Thornton*, 44 Ind. 235; *Heddens* v. *Younglove, Massey & Co.* 46 Ind. 212; *Dodds* v. *Vannoy*, 61 Ind. 89.

This suit was commenced by the appellants, after the death of said William N. Stafford, against his administrators, by filing a verified account against his estate, charging his estate and the administrators thereof with the rents received by him in his lifetime for said appellants. Was it necessary under the law, that the appellants, before the filing of their claim in this case, should have made a formal demand upon the administrators of the decedent for the rents in controversy? Was proof of such formal demand, before the filing of the claim, necessary to the maintenance of the suit, and to the appellants' recovery therein? It seems clear to us, that these questions ought to be and must be answered in the negative. Certainly, the appellants were

not required to allege in their claim or complaint, that, before the filing thereof, they had demanded of the decedent's administrators the moneys sued for. For, in section 62 of the act of June 17th, 1852, providing for the settlement of decedents' estates, it was provided that such a claim or complaint should contain merely a succinct statement of the nature and amount of the claim, whether due or not. If the appellants were not required to aver a demand, before suit brought, in their claim or complaint, it can hardly be said, we think, that they were bound to prove on the trial a fact which they were not bound to aver and had not averred, and which was not embraced in any of the issues in the case.

The precise question now under consideration was before this court in the recent case of *Wright* v. *Jordan*, 71 Ind. 1. In delivering the opinion of the court in that case, NIBLACK, C. J., said: "We waive any discussion as to whether a special demand would have been necessary before bringing suit in this case against Farquar, were he still alive. It is sufficient for the purposes of this case, to say that, in our opinion, a demand against his administrator would have been a useless ceremony. All claims against an estate, whether contingent or absolute, have to be filed against it, in the proper court, and the filing of such a claim as the one before us, constitutes a sufficient demand against the administrator."

Upon this point, however, the appellee's counsel have cited *Hannum* v. *Curtis*, 13 Ind. 206, in which it was held by this court, as then constituted, that, if money be placed in the hands of an agent who dies, the principal cannot maintain an action therefor against his administrator, without having first demanded an accounting, and that the placing of a claim for such money on the appearance docket will not operate in lieu of such demand. It is manifest, that this decision is in conflict, and can not be reconciled, with the decision in *Wright* v. *Jordan*, *supra*, nor with what we have

said in the case at bar. To the extent of such conflict, therefore, the case of *Hannum* v. *Curtis, supra,* is overruled.

For the reasons given, we are of the opinion that the trial court erred in sustaining the appellee's demurrer to the appellants' evidence.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to overrule the demurrer to the evidence, and, upon that evidence, to have the appellants' damages assessed by another jury, or by the court, and render judgment therefor.