Filed April 13, 1886.

---

No. 12,205.

BUCHANAN, ADMINISTRATOR, ET AL. v. THE STATE, EX REL. ROBERTS, GUARDIAN.

106 251
155 182

GUARDIAN AND WARD.—*Inventory.—Damages.*—A guardian's failure to file an inventory of his ward's estate is a technical breach of his bond, authorizing only nominal damages unless actual damages are shown.

SAME.—*Action Against Sureties and Administrator.—Demand.*—A demand is not necessary to the maintenance of an action against the administrator and bondsmen of a deceased guardian for money in his hands at the time of his death, belonging to his wards.

SAME.—*Conversion.—Penalty.—Demand.*—In order to constitute such a conversion as will authorize the imposition of the ten per cent. penalty provided by statute, there must at least be a demand for the money and a refusal to pay.

SAME.—*Failure to Pay to Deceased Guardian's Successor.*—The penalty provided by section 2459, R. S. 1881, can only be imposed where the ward's estate has been converted, destroyed, embezzled or concealed. The mere failure to pay over to the successor of a deceased guardian is not, in the absence of a demand and refusal, a conversion.

PRACTICE.—*Pleading.— When Deemed Amended in Supreme Court.*—Where a complaint is first questioned in the Supreme Court, amendments which

might have been made in the trial court, to conform it to the proof, will be regarded as having been made.

From the Vanderburgh Circuit Court.

*A. Gilchrist, J. E. Iglehart* and *E. Taylor*, for appellants.

*C. L. Wedding*, for appellee.

ZOLLARS, J.—This action, commenced on the 13th day of September, 1883, was brought by the relator, Roberts, as guardian, against Buchanan, as the administrator of the estate of A. L. Robinson, a deceased guardian, and Asa Iglehart, as surety upon that guardian's bond.

It is alleged in the complaint that the former guardian received $2,000 from the personal estate, and $600 rent from the real estate, of the wards, for the years 1870 to 1878, both inclusive, and that he died in February, 1883.

The breaches of the condition of the bond, specifically alleged, are five in number. The first is that the deceased guardian did not file an inventory of the estate of his wards.

The evidence shows that upon a proper application and statement of the wards' estate, Robinson was appointed guardian on the 17th day of January, 1871. That any other inventory was filed, is not shown by any positive evidence. If it should be conceded that no inventory was filed, as required by law, section 2521, R. S. 1881, there was a technical breach of the conditions of the bond, but such as would authorize nominal damages only, as no actual damages were shown.

The second breach alleged is, that the deceased guardian failed to account to the court for the rents received from the real estate of the wards. The evidence shows that the real estate belonged to five minor heirs, for all of whom Robinson was guardian; that he received $500 rent from the real estate for the years 1871 to 1875, both inclusive. There is also evidence that he bought and paid for tiling for the land, but the amount paid is not shown. It is shown, also, that he was the administrator of the estate of the wards' father, and charged himself in his final settlement as such adminis-

trator with $200 rent from the land. In his report, as guardian, in 1875, he charged himself with $155 rent from the land. The two wards, for whose benefit this action is prosecuted, were entitled to two-fifths of the rent so received. That Robinson was liable to the wards, as guardian, for the rent which he received and accounted for as administrator, is not claimed in argument, and hence we decide nothing upon that question. But, conceding that he was not, there is yet $58 rent received and unaccounted for in any of his reports. The second alleged breach is, therefore, so far established by the evidence.

The third alleged breach, that Robinson failed and neglected to rent the land of the wards, is not sustained by the evidence.

The fourth breach charged is, that Robinson failed to account for and pay over the money that came into his hands, and converted it to his own use. As charged, this breach is not sustained by the evidence. His last report was filed and approved on the 1st day of May, 1882, before his death in February, 1883. In that report he showed the amount of the estate of each of the wards interested in this action, and charged himself therewith. No question is made as to its correctness; indeed, the relator in this action asserted its correctness by introducing it in evidence. It is apparent that it is the chief support upon which the judgment below rests. At the time of his death Robinson was still the guardian, and the wards, of course, were still minors. There was, therefore, no one to whom he could pay the money. It was properly in his hands as guardian, and no report was at the time due from him; and that it was in his hands as such guardian is the only evidence of conversion by him, and that is no evidence at all of such alleged conversion.

The fifth alleged breach is, that Robinson did not make and file reports of his receipts and disbursements as such guardian, every two years, as required by section 2521, R. S. 1881. His first report was filed on the 21st day of May,

1873.   The second was filed on the 30th day of April, 1875. The third was filed on the 28th day of September, 1877. The fourth was filed on the 4th day of October, 1879. The fifth, and last, was filed on the 1st day of May, 1882. The evidence thus shows that Robinson did not file a report of the receipts and expenditures every two years. But as no penalty seems to have been imposed on account of such failure, we need not decide as to whether or not, under all of the circumstances of this case, the penalty provided in the statute last above cited, might have been imposed.

The amount of the judgment makes it apparent that the court below adopted Robinson's last report as the basis of calculation in fixing the amount due to the wards; that credit was allowed for the rents accounted for by Robinson as administrator, and for all payments by Robinson subsequent to his last report, and that no penalty was inflicted for any of the breaches, except a penalty of ten per cent. upon the amount found due, calculated as above stated.

It is claimed by appellants, that, except as to $58 and interest thereon, being the amount of rents unaccounted for by Robinson, the judgment is not sustained by the evidence. In other words, that except as to that item, there is a failure of proof. The contention is, that the breaches of the conditions of the bond, as set up in the complaint, are all confined to the alleged wrongs and omissions by Robinson during his life, and that they are not made out by the evidence, except as to the above item of rent.

As we have seen, Robinson failed to file an inventory, and failed to make reports as required by statute. For these omissions, however, no damages were assessed or penalties imposed by the trial court. And as we have further seen, the charge of conversion by Robinson in his lifetime is not shown by the evidence. That all of the money in his hands, as shown by his last report, has not been paid over to the wards, or the present guardian by his administrator or his bondsman, sufficiently appears from the evidence. Whatever

amount Robinson had in his hands at the time of his death, the present guardian has a right to recover from the administrator of his estate, and his bondsman. Robinson's guardianship ceased, of course, with his death, and whatever money he then had in his hands, under the circumstances of this case, at once became a claim against his estate. In order to enforce that claim against the estate, it was not necessary that there should first be a demand. And as the liability of the bondsman is fixed by the liability of the principal, it was not necessary, in order to maintain the action against the bondsman, that there should first have been a demand for the money. *Wright* v. *Jordan,* 71 Ind. 1; *Trimble* v. *Pollock,* 77 Ind. 576; *Higgins* v. *State, ex rel.,* 87 Ind. 282; *Voris* v. *State, ex rel.,* 47 Ind. 345.

It is conceded by appellants, that if the complaint contained an averment that the amount has not been paid by the administrator or the bondsman, the evidence would sustain the finding and judgment below. The main purpose of the action is to recover the money for the wards, and hence it is against the administrator and bondsman. There was no demurrer for misjoinder of parties, nor upon any other ground. It clearly appears from the record, that the case was tried upon the theory that the complaint makes a case against appellants for the amount of the money in the hands of Robinson at the time of his death. There having been no demurrer to the complaint, and the cause having been tried upon the theory as above stated, we think the judgment should not be reversed for the want of the averment that the money has not been paid by appellants since the death of Robinson. Doubtless, that averment might have been added as an amendment to the complaint, to conform it to the proof. Under all of the circumstances of the case, we think that the amendment should be regarded here as having been made below. R. S. 1881, sections 398, 658; *White* v. *Stellwagon,* 54 Ind. 186; *Donellan* v. *Hardy,* 57 Ind. 393; *Bremmerman* v. *Jennings,* 101 Ind. 253; *Carver* v. *Carver,* 97 Ind. 497.

The court below added $85.23, being ten per cent. penalty, to the amount found due, calculated, as it is apparent, upon the amount as shown by Robinson's last report, after deducting subsequent payments. This, we think, was erroneous. Such a penalty is authorized by section 2459, R. S. 1881, where the money has been converted, destroyed, embezzled or concealed, and is in the way of a punishment for a wrong.

The evidence, as we have seen, shows that the money has not been paid over, but it does not show that it has been converted, destroyed, embezzled or concealed. The action may be maintained without a demand, to recover the amount due from the administrator and bondsman, but we think that before it can be said that there has been such a conversion as will authorize the imposition of the ten per cent. penalty, there must, at least, be a demand for the money and a refusal to pay. The ten per cent. penalty, $85.23, should be remitted.

If within sixty days the appellee's relator shall remit that amount as of the date of the judgment, the judgment will be affirmed, at his costs, so far as made by this appeal. If not, the judgment will be reversed, at his costs, and the cause remanded, with instructions to the court below to sustain appellant's motion for a new trial.

Filed April 21, 1886.